IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **OAK RIVER EQUITY VENTURES, LLC**<br>1380 Madrid Ct<br>Pacifica, CA 94044<br><br>    Plaintiff,<br><br> v.<br><br>**BOSS LIFESTYLE LLC**<br>c/o HL Statutory Agent, Inc.<br>200 Public Square, Suite 2800<br>Cleveland, Ohio 44114<br><br>and<br><br>**TYLER BOSSETTI**<br>283 E 1st Ave.<br>Columbus Ohio, 43215<br><br>    Defendants. | Case No.<br><br>JUDGE: _____ |

# COMPLAINT

For its Complaint against Defendants Boss Lifestyle LLC ("Boss Lifestyle") and Tyler Bossetti ("Bossetti) (collectively "Defendants"), Plaintiff Oak River Equity Ventures, LLC ("Oak River"), states as follows:

## PARTIES

1. Oak River Equity Ventures LLC is a limited liability company organized and existing under the laws of California with its principal place of business located in California. Oak River's members are all residents of California.

2. Boss Lifestyle LLC is a limited liability company organized and existing under the laws of Ohio with its principal place of business located in Columbus, Ohio. Upon information and belief, no members of Boss Lifestyle are residents of California and are therefore diverse from Oak River.

3. Upon information and belief, Tyler Bossetti is an individual resident of Ohio with his primary address at 283 E 1st Ave. Columbus Ohio, 43215.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Oak River and Defendants are citizens of different states and the amount in controversy is more than $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because both Defendants reside in Franklin County, Ohio within the Southern District of Ohio, Eastern Division, and both Defendants are subject to personal jurisdiction in this district.

6. In addition, the contract documents provide, and Defendants agreed, that jurisdiction is proper in Ohio and that Ohio law governs any disputes arising from the contract.

## FACTS

7. On June 7, 2022, Defendant Boss Lifestyle and Bossetti executed and delivered to Oak River a Promissory Note (the "Original Promissory Note"), in which Boss Lifestyle and Bossetti, jointly and severally, covenanted and promised to Oak River the principal sum of $1,125,000.00 no later than November 30, 2022. A true and correct copy of the Original Promissory Note is attached as **Exhibit A**.

8. Defendants issued the Original Promissory Note for a $900,000.00 commercial loan it received from Oak River.

9. On or before November 30, 2022, Defendants informed Oak River they would not be able to pay on the maturity date and requested an extension of the payment deadline until January 6, 2023.

10. Oak River agreed to the extension in exchange for Defendants increasing the amount due and owing on the Original Promissory Note to $1,162,500.00.

11. On December 7, 2022, Defendants Boss Lifestyle and Bossetti executed and delivered to Oak River an Amended Promissory Note (the "Amended Promissory Note"), in which Boss Lifestyle and Bossetti, jointly and severally, covenanted and promised to Oak River the principal sum of $1,162,500.00 no later than January 6, 2023. A true and correct copy of the Amended Promissory Note is attached as **Exhibit B**.

12. On January 6, 2023, Defendants failed to remit payment to Oak River due and owing pursuant to the Amended Promissory Note.

13. After receiving the demand for payment, Bossetti represented to Oak River that the payment was wired to Oak River on January 13, 2023.

14. Bossetti's representation, however, was false. Payment was never received by Oak River and no wire was ever sent.

15. On January 16, 2023, Oak River informed Defendants in writing that the Amended Promissory Note is in default and demanded immediate payment of the principal balance of the Amended Promissory Note.

16. In response, Defendant Bossetti acknowledged the payment was due and owing but again refused or otherwise failed to remit payment.

17. On January 20, 2023, Oak River yet again demanded Defendants Boss Lifestyle and Bossetti immediately remit payment due and owing under the Amended Promissory Note.

18. As of the filing of this Complaint, the Defendants have not responded to Oak River's last request for immediate payment and have stopped communicating with Oak River.

19. Pursuant to page 2 of the Amended Promissory Note, Defendants have defaulted on the Amended Promissory Note.

20. The Amended Promissory Note also provides Oak River the right to charge five (5) percent of any amount not paid within ten (10) days of the due date ("Late Charge").

21. In addition to the Late Charge, all delinquent payments bear interest at five (5) percent per annum ("Default Rate"). The Amended Promissory Note is accruing and will continue to accrue interest at the Default Rate until paid in full.

22. As such, by virtue of Defendants' default on the Amended Promissory Note, in addition to owing Oak River principal and interest of $1,162,500.00 as of January 6, 2023, Defendants also owe Oak River a Late Charge of $58,125 and all accrued interest at the Default Rate.

23. Moreover, the Amended Promissory Note provides that the Defendants "promise[] and agree[] to pay all costs and attorneys' fees, which shall include reasonable attorneys' fees in connection with any suit, out of court, in trial, on appeal, in bankruptcy proceedings or otherwise, incurred or paid by Holder in enforcing this Note or preserving any right or interest of Holder under this Note. Liability for reasonable attorneys' fees and costs shall exist whether or not any suit or proceeding is commenced."

24. Accordingly, Defendants are jointly and severally liable for all Oak River's costs and attorneys' fees incurred in enforcing its rights under the Amended Promissory Note.

## COUNT ONE
### Breach of Contract

25. Oak River incorporates paragraphs 1-24 above as if fully set forth herein.

26. On or around December 7, 2022, Oak River and Defendants entered into and executed the Amended Promissory Note described above and attached hereto as **Exhibit A**.

27. The Amended Promissory Note is a valid and enforceable contract supported by adequate consideration.

28. Defendants have materially breached the terms and conditions of the Amended Promissory Note and are in default,: (i) refusing to remit payment to Oak River due and owing on the Amended Promissory Note; (ii) failing to pay Late Charges and interest thereon at the Default Rate; (iii) and otherwise disregarding and ignoring Defendants' obligations to Oak River under the Amended Promissory Note.

29. Oak River has fully performed all obligations required under the terms and conditions of the Amended Promissory Note and has met all conditions precedent to the performance by Defendants.

30. As a direct and proximate result of Defendants' material breaches and default of the Amended Promissory Note, Oak River has incurred, and will continue to incur, damages in an amount no less than $1,220,625.00 plus accruing interest at the Default Rate, to be more fully proven at trial, in addition to post-judgment interest, attorneys' fees and the costs of this action.

## CONDITIONS PRECEDENT

31. All conditions precedent to institute this action and for Oak River's claims for relief have been performed or have occurred.

## PRAYER FOR RELIEF

WHEREFORE, Oak River requests the Court enter judgment in its favor against Defendants Boss Lifestyle and Bossetti, jointly and severally, as follows:

(1) Damages against Defendants Boss Lifestyle and Bossetti, jointly and severally, in an amount no less than $1,220,625.00 plus accrued interest at the Default Rate for their breaches and default of the Amended Promissory Note;

(2) Pre-judgment and post-judgment interest as provided by the Amended Promissory Note and/or applicable law;

(3) Attorneys' fees, litigation expenses and other costs associated with Oak River enforcing its rights under the Amended Promissory Note, including, but not limited to, this suit and as provided by the Amended Promissory Note and/or applicable law; and

(4) Such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jonathon Korinko*
Thomas O. Crist (0064454)
Jonathon J. Korinko (0088407)
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
T: 216-363-4500; F: 216-363-4588
Email: tcrist@beneschlaw.com
         jkorinko@beneschlaw.com

*Counsel for Plaintiff Oak River Equity Ventures LLC*